WILLIAM B. DUNPHY and KATIE L. DUNPHY, Respondents, v. BERTHA M. HUGHES, Appellant.— Appeal from a judgment of the Supreme Court, entered in Rensselaer county on January 17, 1938, upon the decision of Hon. G. D. B. Hasbrouck, official referee, in favor of the plaintiffs against the defendant for the sum of $600, with interest from January 1, 1932, damages, and $134.50 costs, amounting in all to $947.50. The action was to recover damages for breach of contract upon the sale of real estate. The plaintiffs conveyed to the defendant a farm and alleged that as consideration therefor the defendant had agreed to pay $2,000 and to remodel the dwelling so as to make the upper floor suitable for occupancy by the plaintiffs as a home for the plaintiffs for life and plaintiffs were to have the life use of the barn buildings and land. The defendant did remodel the house and construct rooms on the upper floor thereof for the occupancy of the plaintiffs. Trouble developed and the plaintiffs moved out. Sometime afterwards the defendant sold the premises making no reservation of the plaintiffs' life use of the portion of the house and the farm buildings and land. Defendant testified that she agreed to fix up the house and give the plaintiffs the use of the land and barns except for an acre or so about the house. As to the $2,000 she claimed that it was to be spent in remodeling the house. The official referee found in favor of the plaintiffs in all respects except as to their claim for $2,000. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Application of FRANKLYN L. HUTTON and IRENE C. HUTTON, Petitioners, for an Order under Article 78 of the Civil Practice Act, against MARK GRAVES and Others, as Commissioners, Constituting The State Tax Commission of the State of New York, Respondents.— This is a proceeding under article 78 of the Civil Practice Act and article 16 of the Tax Law to review final determinations by the State Tax Commission which denied applications of the petitioners for the refund of income taxes theretofore voluntarily paid by each of them for the calendar year 1934. The sole question presented is whether petitioners are entitled to a return of their 1934 income taxes. The evidence shows that petitioners were residents of the State of New York during the year 1934 and maintained a permanent place of abode during that period in this State, and that they had no permanent place of abode outside this State during that year. Petitioners also failed to establish that they spent not to exceed thirty days within the State of New York during the year 1934. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.